# W. T. HARDISON & CO., Inc. v. HARDING COURT CO., Inc.—251 S. W. (2d) 829.

Middle Section.   June 27, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

99

· E. J. Walsh, of Nashville, for appellant.

J. E. Travis, of Nashville, for appellee.

HICKERSON, J.   W. T. Hardison & Company, Inc., filed the bill against Harding Court Company, Inc., and Paul L. Dunlap, doing business as Dunlap Construction Company, to enforce an alleged lien for materials furnished by complainant and used in the construction of a building on land owned by Harding Court Company, Inc.

Complainant alleged:

"That the defendant Dunlap Construction Company is engaged in the building trade, and was so engaged during the year of 1949.  That during the summer of 1949, the said Dunlap Construction Com-

pany undertook to make certain repairs belonging to the defendant Harding Court Company, Inc., on the tract of land herein above described.

"Your complainant furnished to the said Dunlap Construction Company, agent for the Harding Court Company, Inc., building material for the use of repair and building said home and that there remains a balance due and owing to said complainant in the sum of Two Hundred Fifty-Nine Dollars and seventy-seven cents ($259.77).

"The said defendants have failed to pay the remainder of this bill and a mechanic's lien was claimed and filed against this property on or about November 30, 1949, under Sections 7913 to 7959 of the Code of Tennessee, 1932 Edition. Said lien is duly recorded in the Register's Office for Davidson County at Nashville, Tennessee. A certified copy of the lien will be filed at the proper time in this cause.

"Your complainant would respectfully show to the Court that this account is for materials sold and delivered and used as above described."

Since complainant alleged its contract was with "Dunlap Construction Company, agent for Harding Court Company, Inc.," it follows that complainant's suit is based upon a factual situation whereby complainant sold its materials to the owner of the land, Harding Court Company, Inc., by and through Dunlap Construction Company, as agent of Harding Court Company, Inc.

Code Section 7914 applies to a suit to enforce a lien for materials furnished under this factual situation which was alleged in the bill.

Complainant dismissed its bill against Dunlap Construction Company.

Harding Court Company, Inc., filed an answer to the bill in which it alleged:

"This defendant does not know whether the complainant furnished to the Dunlap Construction Company building materials; and this defendant does not know whether any building materials furnished by complainant were ever used on property owned by this defendant. Therefore, this defendant denies the allegations that complainant furnished building. materials for the repair or building of any structure on defendant's land.

"This defendant further denies that Dunlap Construction Company was the agent of this defendant.

"This defendant will show that it made a contract with Paul Dunlap to do certain work on a portion of defendant's property and by the terms of said contract the said Paul Dunlap was an independent contractor, and not the agent of this defendant. The said Paul Dunlap contracted to do all of the work specified; to furnish his own labor and to furnish the materials, and also to protect this defendant against any liens or claims of the laborers or material men.

"This defendant will further show that he has paid to said Paul Dunlap the full contract price for said work, and the said money so paid, as this defendant believes, was used to pay for materials and labor used in the construction of said building.

"This defendant, therefore, denies that the complainant is entitled to any lien upon defendant's property, and denies further that the complainant has any claim against this defendant in any way."

After a full hearing, upon depositions, the Chancellor held:

"From all of which the Court is of the opinion that the complainant has fully made out the averments in its original petition; that it sold and delivered to Dunlap Construction Company, as Agent for the Harding Court Company, Inc., material that went into and was used in the building on the land set out and described in the petition,

\* \* \* \* \* \*

"That said material amounted to the sum of $259.77, and that under the Statute the said complainant is entitled to a lien as prayed for in its original bill.

"It is, therefore, ordered, adjudged and decreed that said lien and attachment be and the same is hereby sustained as prayed for in the original bill and that said property, or enough thereof, be sold to satisfy the lien of $259.77."

To review that decree, Harding Court Company, Inc., has perfected its appeal to this Court.

Appellant's assignments No. 1 and No. 2 are:

"Assignment No. 1. The Chancery Court erred in decreeing that the complainant is entitled to a lien upon defendant's property and that the property be sold to satisfy the lien of $259.77.

"Assignment No. 2. The Chancery Court erred in holding that the complainant sold material to Dunlap Construction Company, as agent for Harding Court Company.

"There is no evidence to this effect. Mr. Hardison testified that the material was sold to Dunlap Construction Company. The invoices or delivery slips are made out to Dunlap Construction Company. The Statement of Account is made out to Dunlap Construction Company. And the written contract shows

that Dunlap was an independent contractor and not an agent.''

■ ■ Gibson's Suits in Chancery, Fourth Edition, Section 142, provides:

''Every fact essential to the complainant's title to maintain the bill, and obtain the relief, must be stated in the bill, otherwise the defect will be fatal. For no facts are properly in issue unless charged in the bill; and of course no proofs can generally be offered of facts not in the bill; nor can relief be granted for matters not charged, although they may be apparent from evidence; for the Court pronounces its decrees secundum allegata et probata. The reason of this is, that the defendant may be apprised by the bill what the charges and allegations are against which he is to prepare his defense. If the rule were otherwise, the defendant would not only not know what charges he would be required to meet, but the complainant, by thus failing to inform the defendant, would be taking advantage of his own wrong. Besides, the Court has no jurisdiction of any matter not contained in the pleadings; and if the Chancellor should assume to make an adjudication not justified by the pleadings, his decree would be coram non judice, and void on the face of the proceedings; and this would be so, even though the facts proved would have abundantly supported the decree had there been pleadings justifying the proof.''

Wherefore, complainant is bound to make out its case under the allegations of its pleadings. Having alleged that it sold the materials for which it sues to ''Harding Court Company, Inc.,'' its case is controlled by Code Section 7914, which provides:

"Lien for labor and materials.—There shall be a lien upon any lot of ground or tract of land upon which a house or structure has been erected, demolished, altered, or repaired, or for fixtures or machinery furnished or erected, or improvements made, by special contract with the owner or his agent, in favor of the contractor; mechanic, laborer, founder or machinist, who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, and in favor of all persons who do any portion of the work or furnish any portion of the materials for such building."

■ There is no proof that complainant sold any materials to Harding Court Company, Inc.; or that it even purported to sell materials to Harding Court Company, Inc. The materials which it sold were billed to Dunlap Construction Company. There is no proof that Dunlap Construction Company was agent of Harding Court Company, Inc. To the contrary, the proof shows, without conflict, that Dunlap Construction Company was employed as an independent contractor by Harding Court Company, Inc., to erect a building upon the land of Harding Court Company, described in the bill. This contract was in writing and is here copied in full:

"Contract Between Owner and General Contractor.

"This contract, entered into between the Harding Court Company, Inc., a Tennessee Corporation, with office in Nashville, Tennessee, Party of the First Part, and Paul Dunlap, a resident of Davidson County, Tennessee, Party of the Second Part, Witnesseth:

"1. The Harding Court Company, Inc., employs the Party of the Second Part as a general contractor to furnish all materials and labor, including plumb-

ing installations, and to erect a certain building as described below upon land owned by the Party of the First Part, which land is located on the easterly side of 21st Avenue, South, and is known as City Number 1602, 21st Avenue, South, Nashville, Tennessee.

"2. The Party of the Second Part agrees to furnish all labor and materials and to construct for the First Party a building upon the above described premises 16 feet front by 60 feet, said building to be constructed according to the plans and specifications attached hereto which were prepared by B. M. Moore, Jr.

"3. The Party of the Second Part agrees to install terrazzo floors in said building and to construct the four walls and ceiling in the front of the building and extending 25 feet towards the rear of mirawal panels. The First Party agrees to pay any cost of this paneling in excess of 50 cents per square foot.

"4. The Party of the Second Part further agrees to do all the work necessary to complete said building according to the above mentioned plans and specifications with the exception of the wiring which shall be installed by and at the expense of the owner. The construction to be done by the Second Party shall include walls of 8 inch concrete blocks backed by 4 inches of brick, making a twelve inch wall.

"5. The Party of the First Part agrees to pay the said Second Party for the construction of the above building the sum of $4,500.00, 75 per cent of which payment will be made as the work progresses, and 25 per cent of the contract price will be retained by the owner and paid to the Second Party only when the work is satisfactorily completed.

"6. The Party of the Second Part agrees to protect the First Party against all liens for labor and material or other claims, and the First Party shall have the right to make payments to the Second Party jointly with any laborers or material men for the purpose of protecting the property against liens, but such payments shall not in any wise make the First Party liable to any laborers or material men.

"7. Second Party agrees to commence work at once and complete the construction by September 1, 1949.

"Executed this the 8th day of August, 1949."

Concerning this contract, Paul Dunlap, owner of Dunlap Construction Company, testified that it was for a "lock and key job."

Paul Dunlap further testified that this contract was changed by verbal agreement.

I. Alford testified about the alleged change in the original contract, as follows:

"Q. Was there such a new contract made after the contract was made between you and him? A. No. I only had one contract with him.

"Q. Was that the contract in writing? A. Yes sir.

"Q. And I believe that we exhibited a copy of that to you, the written contract? A. Yes sir.

'Q. And it is in the record. Did you agree with Mr. Dunlap after you made the original contract with him that you would pay for all this work that was being done? A. No.

"Q. Or the material? A. No sir.

"Q. Did you ever agree with Mr. Dunlap or anyone representing the Hardison Company that you would pay the Hardison bill? A. No."

Tom Hardison, testifying for complainant, stated:

"Q. Did you or not sell any building material to a man by the name of Dunlap, to be used on the property belonging to Harding Court Co., Inc.,? A. Mr. Travis, we sold some material to the Dunlap Construction Co. on one job, he told us the name of the job was I. Alford job on 21st Avenue South. I believe, technically, that is Harding Court Co. a corporation.

"Q. Were these deliveries made by your trucks to this particular job? A. Yes, sir.

"Q. I hand you an itemized statement and ask you if that covers the transactions you had with the Dunlap Construction Co. A. Yes, sir, it does."

From the foregoing it is seen that Dunlap Construction Company was an independent contractor. Complainant sold the material to this contractor to be used on the Harding Court Company, Inc., job.

The Chancellor erred when he held that complainant, "sold and delivered to Dunlap Construction Company, as agent for Harding Court Company, Inc., material that went into and was used in the building on the land set out and described in the petition." This error of fact controls the conclusion which the Chancellor reached.

The notice of lien, registered by complainant, shows conclusively that complainant did not consider that it was selling this material to Dunlap Construction Company as agent for Harding Court Company, Inc. This notice of lien provides:

"W. T. Hardison & Company

vs.

Harding Court Company, Inc.

"This is to notify you as owner that W. T. Hardison & Company, a Tennessee Corporation with its principal office and place of business located in Nash-

ville, Davidson County, Tennessee, entered into a special contract with Dunlap Construction Company, and pursuant to said contract furnished cement and building materials for the repair or erection of a house on the property herein described, and said building materials were delivered to the following described property located in Davidson County, Tennessee, to-wit:''

To maintain a suit under Code Section 7927 to establish a lien, complainant must allege and prove:

(1) A contract between the main contractor and the landowner to erect a building upon the specific land, or to put improvements thereon.

(2) A contract between the lien claimant and the principal contractor whereby the claimant sold the principal contractor materials to be used in the construction work covered by the original contract.

(3) That notice of claiming the lien was given by the claimant to the owner pursuant to the statute.

■ Complainant failed to allege and prove these essential facts so as to perfect its lien under Code Section 7927.

To maintain its suit against the owner under Code Section 7914 to establish its lien on the land complainant had only to allege and prove that it furnished the materials for the building or construction work under contract with the owner or his agent.

Complainant did allege that it, ''furnished to said Dunlap Construction Company, agent for Harding Court Company, Inc., building material for the use of repair and building said house;'' but it failed to prove this essential fact.

We have gone into detail in discussing these two Code Sections because we have had some difficulty in under-

standing the theory of complainant's suit. Complainant, by its pleadings, based its suit upon the provisions of Code Section 7914; but by its proof it seems to have attempted to bring its suit within the provisions of Code Section 7927. It failed to make out a case under either of the Code Sections.

Assignments No. 1 and No. 2 are sustained. Assignments No. 3 and No. 4 are pretermitted. The questions made by these two assignments are not material to a decision of the case. Reverse the decree of the Chancery Court. Enter judgment in this Court dismissing complainant's bill. Let all costs follow the judgment here.

Felts and Howell, JJ., concur.